JONES v. DIMES et al.

(District Court, D. Delaware.   April 14, 1904.)

1. PRELIMINARY INJUNCTION—EX PARTE APPLICATION—GROUNDS—DISCRETION OF COURT.

The granting of a preliminary injunction rests in the sound discretion of the court to be exercised in view of the circumstances of the particular case, including elements of hardship or other special features, and, while ordinarily such an injunction will not be granted on ex parte affidavits unless in a clear case, it is otherwise where the object for which it is sought is merely the maintenance of the status quo or the preservation of a fund in controversy pendente lite, and the merits of the case are left in doubt by the ex parte affidavits.

(Syllabus by the Court.)

In Equity.

Robert H. Richards, for complainant.
Robert C. White, for defendant Emma E. Dimes.

BRADFORD, District Judge.   Frank M. Jones, as Trustee of William E. Dimes, a bankrupt, has filed his bill against Emma E. Dimes and the First National Bank of Wilmington, setting forth in substance, among other things, that the bankrupt, within four months before the filing of the petition in bankruptcy and while he was insolvent, transferred and delivered to his wife, the said Emma E. Dimes, sundry checks belonging to him for various sums of money, amounting in the aggregate to $1,611.25, all of which checks were deposited by her to her own credit in the First National Bank of Wilmington and were collected by the bank; that at the time of the transfer and delivery of the checks to her she was a creditor of her husband in a sum unknown to the complainant; that the effect of the transfer and delivery of the checks, if sustained, would be to enable her as a creditor of her husband to obtain a greater percentage of her debt or claim than any other creditor of the same class would obtain; that she had at the time of such transfer and delivery reasonable cause to believe that it was intended thereby to give a preference to her as a creditor; and that of the $1,611.-25 representing the total amount of the checks deposited as above stated a sum of more than $1,000 still remains on deposit in the bank to her personal account, subject to her check or draft.   The bill prays, among other things, that the bank be decreed to pay to the complainant so much of the said sum of $1,611.25 as may now remain on deposit to the personal credit of Mrs. Dimes, and that a preliminary injunction issue restraining her from drawing or causing to be drawn by check, draft or otherwise any moneys deposited as aforesaid in the bank, and restraining the bank from paying to any person or persons any of such moneys upon any check or draft drawn or caused to be drawn by her or in any other manner, and also that a restraining order issue.   On the filing of the bill a restraining order was granted as prayed, and the case is now before the court on a motion for a preliminary injunction.   The First National Bank of Wilmington, although duly served, has neither answered nor appeared.   Mrs. Dimes has made answer.   Numerous affidavits on each side have been filed and the motion fully argued by

counsel. A careful consideration of all the papers in the case in connection with the argument has raised a grave question, by no means free from doubt, whether the complainant is not entitled to the relief he prays. A preliminary injunction ordinarily will not be granted on ex parte affidavits unless in a clear case. This is a salutary rule. It necessarily admits, however, of certain recognized exceptions. The granting of a preliminary injunction rests in the sound discretion of the court, and the proper exercise of that discretion requires that the circumstances of the particular case, including elements of hardship or other special features, should be duly considered and weighed. If the preliminary injunction now sought be denied on account of the doubt as to the ultimate determination of right, the case, so far as it relates to the moneys now on deposit in the bank to the credit of Mrs. Dimes, practically would be decided adversely to the complainant on mere ex parte affidavits; for it fairly may be assumed that unless restrained she will draw, and the bank will pay, such moneys. If this be done, there would be serious danger, if not certainty, that this suit, so far as those moneys are concerned, would prove fruitless, whatever may be the ultimate determination of right as between the parties. On the other hand, if a preliminary injunction now be awarded as prayed, the existing status will be preserved, and the only detriment or inconvenience which could result to Mrs. Dimes would be the suspension for a limited time of her ability to use moneys in bank belonging to her, should it appear on final hearing that she is entitled to the same. No satisfactory conclusion as to the rights of the parties can be reached until the case shall be heard after the taking of the evidence on both sides in due course, involving the examination, cross-examination and re-examination of witnesses. Such procedure is, in my judgment, necessary to a full disclosure of the facts on which this case must ultimately be decided. The object for which the preliminary injunction is sought is the preservation of a fund in controversy *pendente lite*—merely the maintenance of the *status quo.* The propriety of awarding a preliminary injunction as prayed is, under the circumstances, clear on both principle and authority. Let an interlocutory decree be prepared accordingly.